[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12620
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00023-RH-CAS

DWAUN GUIDRY,

Plaintiff-Appellant,

versus

JAMES B. COMEY,
Director of the Federal Bureau of Investigation, et al.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 5, 2017)

Before MARCUS, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Dwaun Guidry, a *pro se* federal inmate, appeals the district court's grant of summary judgment in favor of James Comey, the Director of the Federal Bureau of Investigation ("FBI"), on his complaint seeking to compel the release of deoxyribonucleic-acid ("DNA") records under the Freedom of Information Act ("FOIA").  On appeal, Guidry argues that the district court erred in determining that his request for a "manual keyboard search" was not a proper FOIA request because it required the Director to create a new record rather than simply turn over existing records.[1]  Upon careful review of the entire record and after consideration of the parties' briefs, we affirm.

I.

Guidry, a former police officer who was convicted by a jury in the Western District of Texas of multiple crimes against women while on duty (including kidnapping and sexual assault), submitted a FOIA request to the FBI in which he, as relevant here, requested that a "manual keyboard search" be performed against the FBI's Combined DNA Index System ("CODIS") "for comparison of the unidentified human remains" uncovered during the government's prosecution of

---

[1] Guidry also argues that the district court erred in determining that his DNA request did not fall within 42 U.S.C. § 14132(b)'s exceptions for records requested for "criminal defense purposes" or in connection with "judicial proceedings."  And the Director contends that summary judgment should be affirmed because in denying Guidry's cross-motion for summary judgment the district court properly determined that Guidry's claims were barred by *res judicata* based on a final order from the U.S. District Court for the Western District of Texas denying Guidry's request, under § 14132, for the same information he sought in his instant FOIA request. Because we conclude summary judgment was proper without regard to these arguments, we do not address them.

his case.  Doc. 30-2 at 3.[2]  The FBI denied Guidry's request.  According to a declaration submitted by David Hardy, FBI Section Chief of the Record/Information Dissemination Section, Records Management Division, the request was denied because, as relevant here, FOIA contemplates requests for existing records only, and a manual keyboard search of CODIS would constitute "a specialized evidentiary database action that would result in the creation of new records," which is outside FOIA's scope.  Doc. 30-1 at 7.  In plainer terms, a manual keyboard search is a new search producing a new record, not simply a search to produce existing records.  Guidry appealed from the FBI's administrative decision, which was unsuccessful.

Guidry then filed the instant suit.  The Director moved for summary judgment.  A magistrate judge issued a report and recommendation ("R&R") agreeing with the Director that Guidry's request would produce new records—and, accordingly, was outside the scope of FOIA—and recommending that the district court grant summary judgment in the Director's favor.  Over Guidry's objection, the district court adopted the R&R and entered judgment in favor of the Director. This is Guidry's appeal.

---

[2] "Doc." refers to the numbered entry on the district court docket in this case.  Guidry also requested that the FBI conduct an "indexing of specific analyses of DNA samples recovered from unidentified human remains in the prosecution of [his] case."  Doc. 30-2 at 2; Doc. 30-1 at 3.  The FBI released records to Guidry related to this request; it is not at issue in this appeal.

II.

We review a district court's grant of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact and compels judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party moving for summary judgment has the initial burden of informing the district court of the basis for its motion and identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has supported its motion for summary judgment, the burden shifts to the nonmoving party to present specific facts showing that there remains a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*

III.

Guidry contends that the district court erred in determining that his request for a "manual keyboard search" was an improper FOIA request because it required

4

the Director to create a new record.[3]  But Guidry ignores that the Director provided uncontroverted evidence, in the form of Hardy's declaration, to the contrary.  For this reason, we affirm the district court's judgment.

Under FOIA, a federal court may order the agency to produce any records that it has wrongfully withheld from a party who files a complaint.  *See* 5 U.S.C. § 552; *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  A court must, however, give substantial weight to an agency's affidavit regarding the technical feasibility and reproducibility of complying with a FOIA request.  5 U.S.C. § 552(a)(4)(B).  A document qualifies as an "agency record," and thus is subject to disclosure under FOIA, if at the time the FOIA request was made the document was created or obtained by the agency and was in the agency's possession through the legitimate conduct of the agency's official duties.  *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).  Federal courts lack authority to order an agency to create new records if the agency demonstrates that it has not withheld requested records.  *Kissinger*, 445 U.S. at 139.

---

[3] Guidry also asserts that the district court erroneously misconstrued his request as one for DNA samples, rather than records, and that we should reverse on this basis.  We reject his contention because any such difference between samples and records in his request amounts merely to semantics.  Guidry himself used the phrase "DNA samples" to describe the target of his request in his briefing in the district court, demonstrating that his request could be characterized this way.  *See* Doc. 40 at 3.  And regardless of whether Guidry sought samples or records, a manual keyboard search of CODIS would, according to the Director's uncontroverted evidence, require creation of a new record.

Here, the district court properly granted summary judgment in the Director's favor because there was no genuine dispute of material fact regarding the propriety of Guidry's FOIA request.  Guidry presented no evidence to rebut the Director's evidence that the request for a "manual keyboard search" would create a new record, rather than merely retrieving existing records, and thus fell outside of the scope of a proper FOIA request.  *See Matsushita*, 475 U.S. at 586-87; *Kissinger*, 445 U.S. at 139.  We therefore affirm the judgment of the district court.

**AFFIRMED.**